67   358
160  306
67   358
65a  324

THOMAS JASPER *et al.*

*v.*

JAMES PURNELL.

1. EXCESSIVE DAMAGES—*in case of wilful trespass.* Where eleven persons, in the night time, wantonly and forcibly, without permission of the owner, who was a tenant, tore down his house, erected on leased ground, the lease having expired, and removed the building materials, horses, goods and chattels in the building to the public street or square in front

of it, and in so doing did some damage to the property: *Held*, that a verdict assessing the tenant's damages at $600, would not be set aside as excessive.

2. DAMAGES—*when exemplary may be allowed.* In case of a wilful trespass, where the circumstances indicate wantonness and malice, exemplary damages may properly be awarded, and no court should weigh the testimony nicely for the purpose of reducing the amount.

3. The fact that the trespasser in such a case may have believed he had the right to do the act complained of, can not be admitted to shield him from just punishment for the wrong committed. He is bound to know the law, and acting without such knowledge must be regarded as reckless.

4. TRESPASS—*advice of counsel will not affect the question of damages.* The advice of counsel can not be received in a case of wanton and wilful trespass, as affecting the question of damages. Such principle has only been applied in actions for malicious prosecution.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of trespass *quare clausum fregit*, by James Purnell against Thomas Jasper and various others.

It appeared that in May, 1869, Jasper, being the owner of a lot in the city of Quincy, verbally leased the same to the plaintiff for a certain time, with the privilege of erecting a building thereon and removing the same. The plaintiff afterwards erected a board stable on the lot, by setting posts in the ground to support the roof. After the expiration of the lease Jasper demanded possession, which was refused. Jasper, and a number of others acting under him, then tore down and removed the stable, and horses, etc., therein. The fourth instruction asked by the defendant, and refused, is as follows:

" If the jury believe, from the evidence, that the defendant Jasper, before the commission of the acts in evidence, in good faith consulted competent legal counsel in reference to his rights in respect to the possession of the lot and property thereon situated, and in good faith acted upon the advice of such counsel in entering upon such lot and the removal of

said property therefrom, the jury should consider and give weight to such evidence, in determining the amount of plaintiff's damages, as affected by the question of malice on the part of defendants."

Messrs. WARREN, WHEAT & HAMILTON, and Mr. W. G. EWING, for the appellants.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

That appellants are guilty of a trespass, is conceded by their counsel; but it is insisted that the damages assessed are wholly disproportionate to the injury sustained.

Eleven persons, in the night time, wantonly and forcibly, and without any license or permission from the owner, tore down a building erected on leased ground, the lease having expired, and removed the building materials, horses and goods and chattels in the building, to the street or square in front of it, and did some damage to the property. The verdict was for $600.

Even if the party whose property was thus injured was a mere tenant at will, he ought not to be dispossessed in this manner. Resort should have been had to the appropriate action to obtain possession. If a party, with the police force at his command, can thus violate the law and trample upon the rights of the citizen with slight punishment, there is no security for any possession—no protection to property.

The whole conduct of the parties was an outrage upon individual rights and upon the law, and all the circumstances indicate wantonness and malice. In such a case exemplary damages were properly awarded, and no court should weigh the testimony nicely for the purpose of reducing the amount.

Objection is made to several instructions refused. The fifth in the series is substantially contained in the second given for the appellants.

The third, sixth and seventh are so much alike that they will be considered together. They assume that if the defendants acted in good faith, and under the belief that Jasper had the right to remove the property, then they are liable only for actual damages.

When one man invades the rights of another and transgresses the law, he does so at his peril. He can not exempt himself from punishment when he misapprehends the law, because he believes that he was right. He is bound to know the law, and if he does not, it is his duty to acquire such knowledge. Action, without it, must be regarded as reckless. *Johnson* v. *Camp,* 51 Ill. 219.

The fourth instruction was properly refused. We are not aware that the advice of counsel has ever been held to be any excuse in actions of this character, and counsel have referred us to no authority. The principle has only been made to apply in actions for malicious prosecution. But the evidence did not justify the instruction. It does not appear, either in the testimony or in the instruction, that any statement of facts was made to the counsel who gave the advice; and the witness, upon cross-examination, said: "I don't know that he told me that I had the right, by law, to turn Purnell out of possession by force." The principal actor in the transaction was not then informed, by his counsel, that he could obtain possession by force.

The law has not only been shamefully violated, but the time and the manner of the trespass, and the force employed, impress us with the conviction that the parties acted recklessly and maliciously, and punitive damages were rightfully assessed against them.

We do not think they were excessive, and the judgment is affirmed.

*Judgment affirmed.*