# Gray *et al.* v. Denson.

*Bill in Equity to enforce Subrogation.*

1. *Purchaser at judicial sale; what he acquires.*—The purchaser of property at a judicial sale acquires no other or greater interest in such property than was possessed by the original owner at the time of the sale, and is charged with all equities and existing defects in the title; and such purchaser can enforce no rights which the original owner did not possess.

[Gray *et al.* v. Denson.]

2. *Same; not entitled to subrogation.*—One who purchases land at a sale under an execution issued upon a monied judgment, in paying the purchase money, pays his own debt and not the debt of the obligor against whom the judgment was rendered; and, therefore, such purchaser is not entitled to subrogation.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellee, W. H. Denson, against the appellants to enforce the right of subrogation and to be reimbursed with certain money by the plaintiff. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof the chancellor rendered a decree granting the relief prayed for by the complaintnt and ordered accordingly. From this decree complainant appeals, and assigns the rendition thereof as error.

DORTCH & MARTIN, for appellants.

W. H. DENSON, *contra*, cited *Knighton v. Curry,* 62 Ala. 404; *Dillon v. Kaufman,* 58 Texas 696; *Union Trust Co. v. Peters,* 72 Miss. 1058; *Campbell v. Trotter,* 100 Ill. 281; *Emmet v Thompson,* 49 Minn. 386; *White v. Cannon,* 125 Ill. 412; *Home Sav. Bank v. Bierstadt,* 61 Am. St. Rep. 146.

SHARPE, J.—Complainant and Smith bought and received a conveyance of lands from Allen, L. S., Louisa, Asa and F. M. Gray leaving a part of the price unpaid; thereafter complainant and Smith sold the lands partly on credit to Haskell, McKnight and Whatley, promoters of the defendant corporation. By agreement of parties including the Grays, Haskell's notes were executed for the balance owing on the sub-pur-case, one series of same being made payable to the Grays separately in amounts which jointly covered the balance of purchase money owing to them, and those notes were indorsed by complainant, Smith and Whatley. The other series of notes was payable to complainant

and Smith separately who in the same transaction executed a deed to McKnight and Whatley in trust for the proposed corporation. That deed contained the following stipulation: "And whereas, said Smith and Denson have indorsed the notes herein mentioned as executed to Francis M. Gray and Sylvester and F. A. Gray, it is understood that if said Smith and Denson or either of them have to pay said notes, that they are subrogated to all the claims and liens the said Grays may have to subject the land herein described to the payment of said notes; and a lien is hereby created on said lands in favor of said Smith and Denson to secure them from all loss because of the indorsement of said notes, and the vendor's lien is hereby reserved to pay all the notes herein mentioned, the privilege of lien is reserved to W. H. Denson and W. H. Smith for the payment of their notes."

Subsequently defendant F. M. Gray obtained a decree in chancery subjecting the land to her vendor's lien for payment of the note which had been made to her by Haskell and indorsed by complainant, Smith and Whatley. At the sale made under that decree she and Allen Gray jointly purchased the land for the amount of the cost in that suit. Her debt remaining unpaid she obtained a judgment at law against Whatley as an indorser on that note and had execution levied on Whatley's lands. At the execution sale complainant through another bought Whatley's land and paid therefor the amount of the judgment and costs whereby defendant Gray's debt was satisfied. Apart from the execution lien Whatley's land was encumbered at the time of its sale to the amount of its full value, and for that reason complainant counts his purchase barren and his payment thereon a total loss except so far as it went in discharge of his obligation as an indorser on Haskell's note. Such are the prominent facts upon which he now sues to be reimbursed of the amount of that payment out of the lands for which Haskell's note was given to defendant Gray, they being the same lands that she and Allen Gray bought under her chancery decree.

Whether the bill be taken as seeking to establish a

lien under the specific agreement set out above as contained in the deed executed by complainant and Smith, or as seeking subrogation under the general equitable principle which invests a surety who has paid his principal debt with rights the debtor had against the principal, can make no difference in result. Both the agreement and the general doctrine of subrogation look to securing complainant against loss as an indorser, such as could come only by his having to pay notes mentioned in the agreement. All he claims to have done towards paying Haskell's note or the judgment founded on it was in paying the amount of his bid for property sold as belonging to his co-indorser Whatley. The proceeds of that sale represented Whatley's interest in the property and their application on the judgment made the payment Whatley's.

Complainant's position is not helped by assuming that his purchase at the execution sale was resorted to as a means of averting liability on his contract of indorsement. He having preferred that course to reliance on rights which might have enured from his paying the note or judgment, no court can aid him to change the investment from the purchase of Whatley's property to a payment of the judgment. That purchase was binding though fruitless.

In the absence of fraud practiced upon him by an interested party a purchaser at judicial sale takes the property subject to all encumbrances from which it is not freed under the terms of the sale. The purchaser is bound to beware of alien rights and to know that he buys no greater interest than resides in the parties to the proceeding. Complainant bought at the execution sale with legally imputed knowledge of this familiar rule and his loss was from a bad bargain. The debt he paid was his own, being that accruing on his purchase of Whatley's land, and was not the debt of the principal or other obligor on the note in question. Therefore no right to subrogation or other relief is shown by the bill. The principle controlling this case is the same as that upon which subrogation was denied in *Turner v. Teague*, 73 Ala. 554. See also *Lovelace v. Webb*, 62 Ala. 271; *Mc-*

*Cartney v. King*, 25 Ala. 681. Cases cited in complainant's brief involving subrogation because of payments made on void judicial sales are without application here.

The decree of the chancery court must be reversed and the bill will be here dismissed.

Reversed and rendered.