[Hendrix v. Southern Railway Co.]

# Hendrix *v.* Southern Railway Co.

| 130 | 205 |
|-----|-----|
| 141 | 341 |

*Bill in Equity to enjoin Action of Ejectment.*

1. *Equitable estoppel; when owner of land estopped from maintaining ejectment.*—When the owner of land has knowledge of the fact that a railroad is proceeding to construct its road on his land, and allows it to expend large sums of money for this purpose and for subsequent improvements upon said road bed and right of way, without interfering or forbidding the company to proceed, such owner is estopped from evicting the railroad company by action of ejectment.

2. *Homestead; exemptions; when applicable as to contractual disposition of property.*—The constitutional and statutory requirements respecting the conveyance of a homestead apply only when the contractual disposition of such property is sought to be made; and such statutory provisions do not prevent the creation of an equitable estoppel by acts or declarations made by the owner of such property.

3. *Same; same; equitable estoppel.*—Where a deed conveying a right of way to a railroad company is invalid by reason of its not being executed as required by the statute to convey a homestead, but the owner of said homestead allows the railroad company to proceed to locate and construct its road on his lands and to expend large sums of money for this purpose and in the improvement of its road and right of way, without interfering or forbidding it to proceed, such owner is equitably estopped from asserting title in the lands so occupied by the railroad company, for the purpose of maintaining a suit which would take from the said company its improvements, as well as the easement for the operation of its trains.

4. *Equity pleading; cross bill necessary for defendant to obtain affirmative relief.*—As a general rule, before the defendant in a chancery suit can obtain affirmative relief as against the complainant, it is necessary that he should file a cross bill, or make his answer a statutory cross bill.

5. *Same; same; bill to enjoin an action of ejectment.*—Where a bill is filed by a railroad company against the owner of lands across which its road is constructed, to enjoin the defendant from the prosecution of an action of ejectment to recover

[Hendrix v. Southern Railway Co.]

the lands so occupied by the railroad, the court will not, in the absence of a cross bill asking such affirmative relief, provide in its decree for the payment of compensation to the defendant for the lands so occupied by the complainant.

6. *Purchaser at judicial sale; what he acquires.*—The purchaser at a judicial sale acquires no other or greater interest in such property than was possessed by the original owner at the time of the sale, and is charged with all equities and existing defects in the title.

7. *Bill to enjoin action of ejectment; proper decree.*—Where a bill is filed by a railroad company to enjoin the prosecution of an action of ejectment to recover from the complainant the lands occupied by it as its right of way, and an equitable estoppel is set up as a ground for the relief prayed for, and the bill avers that the complainant is occupying as a right of way a strip of land one hundred feet wide, but the defendant denies this in its bill, and the proof shows that the lands used by the defendant for railroad purposes is not as much as fifty feet in width, upon a decree being rendered in favor of the complainant, the injunction should apply only to that part of the land which was occupied by the defendant's road bed including its cuts, fills, etc.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. JAMES R. DOWDELL.

The bill in this case was filed on January 19, 1897, by the appellee, the Southern Railway, against the appellant, W. W. Hendrix, to enjoin an action of ejectment instituted by the defendant in the circuit court of Cherokee county against the complainant. It was averred in the bill that in 1886 the complainant, W. W. Hendrix, and his wife executed and delivered to the Rome & Decatur Railroad Company a deed to the right of way over certain lands owned by said W. W. Hendrix, and which he occupied as a homestead; that this deed was signed by W. W. Hendrix and his wife, was not acknowledged by the wife separate and apart from the husband; that the property described in the deed was a right of way which was intended to be occupied by said railroad; that subsequent to the execution of the deed the route or course of the railroad which was being built by the Rome & Decatur Railroad was changed, and said railroad company entered upon other portions of the lands owned and occupied

by the defendant Hendrix and cleared off a right of way upon said lands and constructed its road over the same; that in so doing it expended large sums of money and incurred great expense, and that all of this was done with the knowledge and consent of said Hendrix, who resided near by and saw the work daily as it progressed, but he interposed no objection thereto. It was then also averred in said bill that the Rome & Decatur Railroad Company, after having entered upon the lands of the defendant, was placed in the hands of the receiver, and under the order of the court was sold and purchased by the East Tennessee, Virginia & Georgia Railroad Company; that this latter company was afterwards placed in the hands of a receiver, and, by order of the court, the branch of said road which passed over the lands of the defendant, was sold, and at said sale the present complainant became the purchaser thereof and has, ever since, owned and operated said road; that the said road has been, by each of the companies and receivers thereof, and the complainant operated continuously over the lands of the defendant, along the road so constructed over said lands, which fact was well known to the defendant, and that valuable improvements have been made on the track and right of way of the complainant and those through whom it claims, and that the complainant has expended large sums of money in repairing and improving the track and the right of way over said lands, all of which has been done with the knowledge and acquiescence of the defendant. It was then averred that on December 6, 1896, the respondent brought an action of ejectment to recover from the complainant said lands which were so used and occupied by it as a right of way.

The prayer of the bill was that an injunction be issued restraining the respondent from the further prosecution of the ejectment suit.

The defendant filed an answer, in which he denied that the complainant and each of said purchasers had made valuable improvements over the track and right of way and expended large sums of money as alleged in the bill, and further denied that he had consented to the use by the Rome & Decatur Railroad Company for

a right of way over the lands than those described in the deed executed by him to said company. The fact of the present ownership of the railroad by complainant was admitted in the bill. The facts of the case as shown by the evidence are sufficiently set forth in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree granting the relief prayed for by the complainant. This decree was in words and figures as follows: "Upon due consideration thereof, in the opinion of the court, the complainant is entitled to the relief sought in his bill as amended. It is, therefore, ordered, adjudged and decreed that the temporary injunction heretofore granted in this cause be, and the same is, hereby made perpetual as to the following described property, to-wit: A strip of land fifty feet wide, measuring twenty-five feet each way from the center of the railroad track of said Southern Railway Company, through the N. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 5, and N. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 4, township 10, range 9 east, in Cherokee county, Alabama, the same being now in the use and occupancy of the Southern Railway Company as a right of way in the operation of its said railroad, and which is described in complainant's bill. It is further ordered and decreed that the respondent, W. W. Hendrix, pay the cost of this suit, for which let execution issue." From this decree the defendant appeals, and assigns the rendition thereof as error.

DANIEL & BRINDLEY, for appellant.—When a statutory remedy is provided for obtaining damages for private property taken in the construction of roads, such statutory remedy must first be exhausted before equity will lend its protection.—High on Injunctions, § 394.

Private property can be condemned only by statutory proceedings in which the party seeking to condemn the property is the actor. Complainant has failed to avail itself of these statutory proceedings and consequently is without grounds for invoking chancery jurisdiction.

The appropriation for street purposes of land owned by a railroad company, not used for its rights of way,

will not be enjoined, the company having an adequate remedy at law in proceeding for its condemnation.—*C. P. & T. R. R. Co. v. Village of Hyde Park,* 6 Ohio 327.

If it should be admitted that appellee, or those under whom it claims, took the land in question with the knowledge and consent of appellant, as alleged in the bill, and operated their road over the same for many years, even then under our jurisprudence, there is no estoppel *in pais.*

According to all the authorities, appellant's right to compensation remains, even if he be estopped to recover the land. Therefore, the chancellor should, at least, have made his decree perpetuating the injunction conditional on the payment of just compensation. Clearly that much is required to effect full and complete justice between the parties. It is a principle applicable to such courts that "courts of equity do not undertake to do justice by halves."—*Johnson v. Smith,* 70 Ala. 108.

BURNETT & CULLI, *contra.*—The uniform decisions are that if the landholder permits the railroad to go on his land, builds its road and use it till the public acquires rights, he is estopped to prosecute ejectment. *A. G. S. R. R. Co. v. S. & N. R. R. Co.,* 102 Ala. 336; 4th Rap. & Mack Dig., 836, § 998; 4th Rap. & Mack Dig., 847, §§ 1016, 1017, 1018; *L. & N. R. R. Co. v. Solt Moddle,* 36 Am. & Eng. R. R. Cases, 578-9-80-81; *Cory v. Chicago B. & K. C. R.,* 44 Am. & Eng. R. Cases, 184.

Even if there is a promise to pay damages if the owner permits the railroad company to go on without prepayment, he can not maintain ejectment.—44 Am. & Eng. R. R. Cases, 184, *supra; N. O. & S. R. R. Co. v. Jones,* 68 Ala. 52; 4th Rap. & Mack .R. R. Dig., 849, §§ 1020; *Ib.* 846, § 1018; *Ib.* 847, § 1018; *Ib.* 875, § 1074.

SHARPE, J.—A railroad corporation whose property rights have passed to complainant by successive judicial sales obtained from defendant a conveyance of a right of way covering a strip of land 100 feet in width over his

homestead lands. Afterwards the surveyed route was changed and the road was built over a part of the homestead lands to which the company had no deed. As to the circumstances under which this was done defendant testifies as follows: "I informed the men building the road that they must not cut my timber without paying for it. Calahan and Redman said they would pay me for the road through there and would pay me for the timber cut and corn destroyed. I told them if if they did, it was all right, and they could go ahead building the road. Calahan said he would send me a check as soon as he went to Rome. The money was not sent. They went ahead and constructed the road. Redman said he would see Calahan and have him send the money; that he didn't want me to bother the hands at work on the right of way. After this I never bothered them any more except that I had a talk with O'Connor, the riding boss, and he said Redman would pay me, and this was the last talk that I had with any of them. They were through building and had laid no track at the time I had the talk with O'Connor." This testimony shows that defendant waived his constitutional right to be compensated for the easement before the land was taken and gave credit to the company therefor. It also leads to the conclusion that he acquiesced in the building of the road and thereby estopped himself to retake the land or recover it by ejectment after the company had in reliance on such acquiscence incurred the expense of building the road. *N. O., etc., R. R. Co. v. Jones,* 68 Ala. 48; *S. & N. Ala. R. R. Co. v. A. G. S. R. R. Co.,* 102 Ala. 236.

As their terms indicate, the constitutional and statutory requirements respecting conveyances of the homestead, apply only when a contractual disposition of such property is sought to be made and do not prevent the erection of an equitable estoppel. The estoppel applied in cases like the present one, does not operate to convey title, but merely precludes the land-owner from asserting title for the purpose of obtaining a possession which would take from the railroad company its improvements as well as the easement for the operation of its trains.

Acquiescence in the building of the road is not of itself sufficient to show that defendant waived his right to be ultimately compensated for the right of way. See *Thornton v. Sheffild, etc., R. Co.*, 84 Ala. 114; *Southern Railway Co. v. Cowan*, 129 Ala. 577. That right, however, cannot be enforced under the pleadings in this suit. The lack of a cross-bill to compel compensation made it impracticable, if it would otherwise have been proper, for the court to provide herein for such compensation. As a general rule an answer in chancery looks only to the defeat of the bill and does not authorize the granting of affirmative relief to the defendant.—*Beddell v. New England, etc. Co.*, 91 Ala. 325; *Watts v. Eufaula Nat. Bank*, 76 Ala. 474; *Ketchum v. Creagh*, 53 Ala. 224.

A purchaser at judicial sale is by the law charged with notice of defects in the title he buys and, therefore, complainant does not occupy the position of a *bona fide* purchaser for value.—*Lovelace v. Webb*, 62 Ala. 271; *Lampkin v. Crawford*, 8 Ala. 156; *McCartney v. King*, 25 Ala. 81; *Gray v. Denson*, 129 Ala. 406. By its purchase at receiver's sale it acquired only such rights as its predecessors had, and those rights being founded alone upon defendant's acquiescence can extend to no other land than that which has been actually taken. By the bill it is alleged in effect that the strip of land it has acquired the right to occupy is 100 feet in width. The answer denies that so much was taken, and states that complainant and those under whom it claims "have used and controlled not more than 60 feet in width over said lands," and that on a portion of the land defendant has cultivated to within 10 feet of the railroad track. The evidence shows that by reason of cuts and fills the land used for railroad along the road is of variable width so that uniformity of width such as is designated in the decree is inaccurate as a description. Therefore, the decree will be here modified so as instead of enjoining plaintiff's action of ejectment as to a strip of land 50 feet wide, the injunction will be applied to that part of plaintiff's said land which before the ejectment suit commenced, was occupied by the defendant's roadbed including its

[Elrod v. Smith *et al.*]

cuts, fills and barrow pits. The decree as so modified will be affirmed with the requirement that each party pay one-half the costs of the appeal.

Affirmed.

