# Louisville & Nashville R. R. Company v. Elizabeth Smith.

*Action to recover Damages for Malicious Trespass.*

1. *Trespass; rightful possessor may sue for.*—The rightful posses-
   sor of land, whether having the legal title or not, may prop-
   erly sue for a trespass thereto.
2. *License to enter land; when operates as conveyance.*—A license to
   enter land, not coupled with a grant or contract, cannot oper-
   ate to convey land or to create an easement.
3. *Advice of counsel; when not considered in mitigation of damages.*
   Advice of counsel not shown to have been based on the
   facts of the case, cannot be considered in disproof of malice
   or mitigation of damages in an action of trespass.
4. *Malicious trespass; amount of damages.*—For a malicious tres-
   pass injurious to real property, exemplary damages may be
   awarded.
5. *Same: evidence of malice.*—The act of intentionally injuring
   property in known violation of the possessor's rights therein
   is evidence of malice.
6. *Same; damages.*—Where there is such a violation of plaintiff's
   property as to entitle plaintiff to recover at least nominal
   damages, whether or not damages greater than nominal were
   sustained, the existence of such greater actual damages is
   not an essential predicate to the imposition of exemplary dam-
   ages.

APPEAL from Limestone Circuit Court.

Tried before the Hon. OSCEOLA KYLE.

This action was brought by the appellee, Elizabeth
Smith, against the Louisville & Nashville Railroad Com-

pany, to recover damages for the alleged wilful, wanton and malicious trespass upon lands belonging to the plaintiff; the damages claimed in the complaint being $1999. The trespass complained of was the cutting of a ditch over part of the lands which abutted upon and adjoined the railroad track occupied by the defendant.

The defendant pleaded the general issue and a special plea, No. 2, in which it set up the fact that the ditch was cut upon the land which was within the limits of width defendant's predecessors had the right to use for a right-of-way, and that the defendant was the lessee of the railroad company which had this right granted it by its charter. The plaintiff moved to strike this special plea from the file because it set up nothing more than the general issue. The court granted this motion and struck said plea from the file, and to this ruling the defendant duly excepted.

The cause was tried upon issue joined upon plea of the general issue.

On the trial of the case the following facts were shown : the lands upon which the ditch was cut were claimed and occupied by the plaintiff, who was the widow of one Aaron Smith; that said Aaron Smith died in 1884 after having been in possession of and having lived upon said lands since 1850. After his death the premises were set apart to his widow as a homestead, since which time she had lived there and had been in unquestioned possession. From the building of the railroad until his death her husband had cultivated the land up to the foot of the embankment, and up to two or three years before the trespass plaintiff maintained a fence at the foot of the embankment.

In 1853 the Legislature of Alabama chartered the "Tennessee & Alabama Central Railroad Company," and authorized it to build a road from Decatur to the Tennessee state line. The Tennessee legislature, at about the same time, chartered the "Tennessee & Alabama Railroad Company" and the "Central Southern Railroad Company," and authorized the first named to build a road from Nashville to Columbia, and the latter to build from Columbia to the Alabama state line to

connect with the "Tennessee & Alabama Central Railroad Company." Said companies completed and put into operation their several roads about 1859 or 1860. In 1865 or 1866, under authority of the legislatures of Alabama and Tennessee, the said three railroad companies consolidated their roads and became the Nashville & Decatur Railroad Company. In 1871, the Louisville & Nashville Railroad Company leased the said properties for thirty years, and have since "held, controlled and operated" same. In 1899, another lease was executed to the defendant company, by the Nashville & Decatur Railroad Company, leasing "all its roadbed, easements, properties, depots, franchises and railroad belongings of every kind and character for a period of nine hundred and ninety-nine years." The defendant alleged that they did not know whether the original company or its successors ever secured from the owners of the land through which the road was built any conveyance of any land for its right of way through the disputed premises, but the company built its road by the license or let of the original owners. The company had not assumed or taken possession of the premises in dispute, east or west from the embankment; had not exercised any control over the premises in dispute, until the time of the alleged trespass.

The plaintiff served notice on the agent of the defendant not to trespass in any way upon said property, after which defendant dug a ditch on plaintiff's land, about 3 feet wide and 300 feet long, which was necessary for the proper maintenance and operation of said road. The charter of the company authorized it to contract for and receive conveyances for land for said road, not to exceed 150 feet in width, and when the price could not be agreed upon, the Sheriff, upon application, should summon a jury, to assess damages.

The bill of exceptions contains the following recital as to the proof of the advice of counsel: "J. W. Judd was then examined as a witness for the defendant, and testified that he lived in Nashville, Tenn., and was a lawyer by profession, and had been a practicing attorney for more than thirty years, and was now and had

been for several years past, the assistant district attorney for the Louisville & Nashville Railroad Company for Tennessee and N. & D. Div. in Ala. He was then asked this question: "State whether or not you advised the officials of the Louisville & Nashville Railroad Co., whose duty it was to maintain, operate and keep in repair that part of defendant's roadbed running through the land described in plaintiff's complaint, that they had the right to enter upon said lands not exceeding 75 feet from the center line of the track on each side for the purpose of doing necessary work in order to maintain, repair and operate the defendant's road. The plaintiff objected to this question, because it called for illegal, irrelevant and immaterial evidence, and the court sustained said objection, to which action of the court the defendant then and there in open court excepted." The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will find for the defendant." (2.) "I charge you, gentlemen of the jury, that under the undisputed facts of this case, the plaintiff can only recover nominal charges." There were verdict and judgment for the plaintiff, assessing her damages at $1,-000.00. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

JNO. B. KEEBLE, JOHN W. JUDD, and HARRIS & EYSTER, for appellant.—The Legislature grants to the railroad the right-of-way. The nature and character of title is fixed by the Legislature. The charter was to build, maintain and operate a railway. Fee simple title not necessary. Legislature intended to grant a perpetual easement in its right-of-way to 150 feet. Where the railroad company, by conveyance or verbal permission or let, enters upon land and builds the road, the company has elected to take the right of way provided

by law. Possession of land by contiguous owner or owners of the fee is consistent with possession of railroad company.

T. C. McClellan, contra.—Act of Legislature cannot deprive owner of his property.—Constitution, § 23, Stein's case, 24 Ala. p. 145; Hendrick's case, 130 Ala. 205. .Real estate for right-of-way may be lost by non-user.—Hammond's case, 104 Ala. p. 200; I. L. R. A. pp. 213, 214 and note.

When the width of right-of-way is not specified, the right does not extend to the width of the whole lot. Long v. Gill, 80 Ala. 408; Hammond's case, 104 Ala. p. 200; Hendrick's case, 130 Ala. p. 211.

Advice of counsel is no defense. In case of willful and wanton trespass, advice of counsel cannot be received in mitigation of damages.—Jasper v. Purnell, 67 Ill. 358.

Exemplary damages may be recovered, although no actual damages shown.—Parker v. Mise, 27 Ala. 480; Ward v. State, 48 Ala. 161; Burn's case, 71 Ala. pp. 291, 292; A. G. A. R. R. v. Sellers, 93 Ala. pp. 15, 16.

In trespass, exemplary damages may be awarded where trespass is wanton or malicious.—Garrett's case, 108 Ala. 521; Deraughn v. Health, 37 Ala. 595; Gambrill v. Schuenk, 131 Ala. 321.

SHARPE, J.—In the statement of facts agreed on it is recited that plaintiff "and those through whom she claims, have been and were at the time of the said alleged trespass and for twenty years prior thereto, exercising acts of ownership and control by cultivation and otherwise, under claim of right and ownership, of the premises on which the said alleged trespass is charged to have been committed, and up to the foot of the embankment of the railroad track." By a witness it was shown that plaintiff's husband to whose possession she succeeded occupied the land from about 1850 until his death in 1884, when her possession commenced under an allotment of homestead. Prima facie these facts show that at the time of the act complained of, plain-

tiff was in rightful possession of the premises mentioned. The rightful possessor of land whether having the legal title or not may properly sue for a trespass thereto.—*Boswell v. Carlisle,* 70 Ala. 247; *L. & N. R. R. Co. v. Hall,* 131 Ala. 161.

The act complained of was the digging of a ditch by defendant a few feet from the embankment of, and within thirty-six feet of the center of a railroad leased to and operated by defendant. The railroad was completed about the year 1859 or 1860, and was built under a charter granted by an act of the Legislature passed in 1853, (Laws 1853, p. 298) to the Tennessee & Alabama Central Railroad Company, which act provided among other things for the acquirement by that company by contract or by condemnation proceedings, of "land for the track of said road, not to exceed one hundred and fifty feet wide." Apparently by virtue of its lease and sundry transactions preceding it, defendant was at the time of the alleged trespass entitled to use the railroad and all rights of way which were thereto appurtenant, and those rights it sets up as a defense to this action. The facts show the work of digging was necessary to the proper maintenance of the road; that before its commencement neither defendant nor any of its predecessors in right, had ever exercised or sought to exercise any act of ownership or control over the land at that point adjacent to and not covered by the road embankment. From the agreed statement we quote, that defendant "does not know whether the original railroad company, the Tennessee & Alabama Central Railroad Company or any of its successors in title ever secured from the owners of the lands through which the road was originally built, at the time it was built or thereafter, any conveyance of the land for its right-of-way through said premises in dispute, nor whether there was any condemnation proceedings as authorized by the charter, of a right of way through said premises in dispute, but on the contrary the company built its railroad through said premises either by the license or let of the original owners, whoever they may have been, and has from that time until now, as

aforesaid, claimed, owned and operated its railroad through said premises."

The "license or let" upon which the main defense is thus rested does not appear to have amounted to more than permission or leave given by the land owners "for the building of the road through the premises." A license not coupled with a grant or contract cannot operate to convey land or to create an easement.—*Hicks Bros. v. Swift Creek Mill Co.* 133 Ala. 411; Wash. on Easements, 6; *East Jersey Iron Co. v. Wright,* 32 N. J. Eq. 249; 18 Am. & Eng. Ency. Law, 1128.

Cases there have been in which presumptions were indulged favoring the existence of a right-of-way co-extensive with the limits allowed therefor by statute; but such presumptions if not made against the party entering in the assertion of rights under the statute, or in the construction of some conveyance or other contract, have usually been based upon a statute differing in terms and effect from the chartering act relied on by defendant. That act created no right of way, its provisions in respect thereto being merely for the acquisition of one within maximum limits of width without otherwise fixing the area wherein the same should presumptively or otherwise exist. Such provisions though contained in a public statute, and *a fortiori* when in a private act, do not impart to a mere license to build a railroad the effect of protecting the builder in the occupation or use of lands not taken in the execution of the license, though they be within the legal limits of width. *Hendrix v. Southern Ry. Co.* 130 Ala. 205; *Nashville, etc. R. Co. v. Hammond,* 104 Ala. 191. See also *Stein v. Burden,* 24 Ala. 130. This road having been completed and maintained on other lands for forty years before defendant's entry thereon, authority for the entry is not to be presumed or inferred from the license to build.

There are authorities tending to support the proposition that advice of counsel based on a disclosure of the facts may in a case such as the one under consideration, be considered in disproof of malice and in mitigation of damages, as to which see Sutherland on Damages

(3 ed.) § 154; *Shores v. Brooks,* 81 Ga. 468; 12 Am. St. Rep. 332. In *Jasper v. Purnell,* 67 Ill. 358, the court intimated that such advice was so available only in cases of malicious prosecution. However, the question which on the trial called for testimony as to advice of counsel not having been accompanied by evidence or any offer to produce evidence to show the advice was based on facts of the case was for that reason, if for no other, subject to objection.—*Shores v. Brooks,* and *Jasper v. Purnell, supra.*

In respect of the amount of the verdict no question is raised except by the refusal of a charge professing to restrict the recovery to nominal damages. For a malicious trespass injurious to real property exemplary damages may be awarded, and the act of intentionally injuring such property in known violation of the possessor's rights therein is evidence of malice.—*Hicks Bros. v. Swift Creek Mill Co., supra;* Sutherland on Damages (3 ed.), § 1031; 19 Am. & Eng. Ency. Law, ·623. From the evidence the jury might well have found the ditching was done not inadvertently but in intentional disregard of a written protest giving notice of plaintiff's rightful occupation of and claim to the land and without any offer or purpose on defendant's part to make compensation. From these facts there might have been drawn an inference of malice to which the further fact that the work was necessary for the proper maintenance of the road was not opposed with such conclusiveness as would have warranted the withdrawal from the jury of the questions of malice and exemplary damages.

The complaint avers and the evidence showed such a violation of plaintiff's property and property rights as would have entitled her to recover at least nominal damages irrespective of whether damages greater than nominal were actually sustained, and in such case the existence of such greater actual damages, is not, under the law as declared in this state, an essential predicate to the imposition of exemplary damages."—See *Ala. Great So. R. Co. v. Sellers,* 93 Ala. 9, and authorities there cited.

Both the judgment entry and the bill of exceptions show issue was joined alone on the plea of the general issue, so there is nothing in the suggestion that plea 2 was proved. If that plea be treated as stricken out, yet the striking even if erroneous would not be cause for reversal, since thereunder no benefit could have been had which was not available under the general issue. The license therein set up as having been given for the building of the road, was not in the plea averred or shown to have extended to the taking, use or occupation of the land on which the trespass was committed.

Affirmed.