## John Q. Myers et al. v. Hiram Henderson.

1. HOMESTEAD ESTATE—*what does not authorize entry upon.* The fact that a chattel mortgage has been given by a householder upon a house standing upon leased ground and has permitted the same to be sold as personal property upon an execution, does not release or affect the homestead right and justify a trespass thereon.

Action in trespass. Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

WELTY, STERLING & WHITMORE, for appellants.

STONE & OGLEVEE, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Hiram Henderson sued John Q. Myers and five others (appellants), in trespass, to recover damages resulting from an alleged unlawful and forcible entry of his dwelling house, the eviction of his family and the removal of his household goods therefrom. Upon trial in the Circuit Court a jury returned a verdict in favor of Henderson in the sum of $125, upon which the court rendered judgment. Myers et al. have appealed.

The evidence shows that Henderson, the appellee, leased from one Henry Seale, on the first day of March, 1901, a small tract of land in the village of Clarksville, McLean county, for a period of five

years from that date, with the right upon the part of appellee to erect buildings thereon, and to remove them from such lot at the end of his term.

Appellee erected a house and store-room upon said lot, in which he resided with his family, consisting of his wife and children. On the twenty-first day of October, 1905, appellant, John Q. Myers, who was a constable, together with the other appellants, went upon such premises, while so occupied by appellee as his homestead, and with force broke into his said house, carried his household effects out into the street and evicted appellee and his family from their home.

Appellants sought to interpose as a defense, both by filing special pleas, to which the court sustained a demurrer, and by offering to give evidence thereof, to which the court sustained an objection, in substance as follows: That appellee had made a chattel mortgage upon said dwelling house to one Hall who had signed notes with appellee running to said Henry Seale, from whom Henderson had leased the land, upon which the building was situated; that appellee, against whom an execution had been issued by a justice of the peace, had scheduled the building as personal property, and had allowed the constable to proceed to a sale of the same without objection and had, after the sale and after the trespass complained of, accepted a lease of the land on which the building stood and had, after the trespass, received from the justice of the peace the overplus arising from the sale made by the constable, in excess of the judgment and costs. Appellants argue with great vehemence that such acts upon the part of appellee in effect were declarations that said property was personal property and amounted to an estoppel and bar appellee from setting up and claiming a homestead in the house and leasehold estate.

We cannot, however, give our approval to such contention. At the time of the trespass by appellants

the appellee was living in the house with his wife and children as his and their homestead. Such acts of appellee so relied upon in defense cannot and did not amount to a waiver or release of the homestead right. The statute of our state, in cases where the premises are not abandoned, provides only one way in which the head of a family can release such right and that is by waiver or conveyance in writing, subscribed by such householder and his wife, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged.

The fact that appellee at one time may have thought that the house standing upon leased land was personal property and so treated it, cannot be allowed to have the effect of releasing a homestead right, which the statute extends, not only to the householder, but to his wife, and in certain events to his children, a release of which must be made by a formal conveyance.

To allow appellants' claim of estoppel to defeat the homestead right as guaranteed to every such owner, his wife and children, would be, in many cases, to wrong persons most in need of such protection and perhaps persons not parties to or in any way connected with the acts alleged to constitute the estoppel.

Appellants did not claim that they had any writ to authorize their forcible expulsion of appellee and his family from their home, but acting upon the theory that appellee was estopped from claiming a homestead by a sale of the property as personal property previously made, by sheer force, after notice by appellee to desist, broke open his house and set his family and household goods upon the street. This case is very similar to the case of Jasper v. Purnell, 67 Ill. 358, wherein was held that: "When a man invades the rights of another he does so at his peril. He cannot escape punishment because he believes he

is right. He is bound to know the law and action without it must be regarded as reckless."

Appellants' action was without any authority in law and punitive damages were not improperly allowed by the jury.

The instructions as a series stated the law fairly toward appellants and were in line with the views expressed in this opinion.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*