# Smith *v.* Kolb *et al.*

*Bill in Equity to Enforce Mechanic's Lien.*

1. *Retroactive law; when law not construed as.*—A law is not to be construed as having a retroactive effect, unless it is plain from its terms that the legislature so intended.

2. *Same; act amending mechanic's lien law.*—The act of April 19th, 1873, "to amend sections 3101, 3102 and 3104 of the Revised Code," in relation to mechanic's liens has no retroactive operation.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

The bill in this cause was filed August 15th, 1874, by Henry Smith, appellant, against appellees, to set up and enforce a mechanic's lien on a certain house and lot in the city of Eufaula, under an act of the legislature, "to amend sections 3101, 3102, and 3104 of the Revised Code of Alabama, and to

[Smith v. Kolb et al.]

repeal the same," approved April 19th, 1873. The defendants filed their answer and also interposed a demurrer, stating as grounds—1st. That there is no equity in the bill. 2d. That complainant has a full and adequate remedy at law. 3d. That the bill shows on its face that complainant has no lien of any kind on any thing. 4th. That if he had any lien, he has lost it by lapse of time, not having taken any steps to enforce it within one year after the same accrued. The cause came on to be heard, and was submitted on the bill and demurrers, and the Chancellor, in his decree, sustained the demurrers and dismissed the bill. Such decree is now assigned as error.

GOODE and TONEY, for appellants.—The determination of the main question raised by the demurrer, involves a careful consideration of the doctrine of retrospective laws touching civil rights and civil remedies. Laws impairing the obligation of contracts are prohibited to the States by the Federal as well as by most of the State constitutions.—U. S. Const. Art. II, Sec. 10, cl. 1; Ala. Const. Art. II, Sec. 24. Other retrospective laws touching *rights*, are objectionable, and are never construed retrospectively, unless in pursuance of express words, but they are not void.—*Drehman v. Stifle*, 8 Wall. 603. But retrospective laws touching civil *remedies* are not only admitted to be valid, but are comparatively free from objection, unless they materially impair or affect the obligations of contracts.—*Bronson v. Kenzie et als.*, 1 How. 811; 1 Denio, 128; 4 Wall. 548. The act in question is retroactive and should be so construed.

OATES & McLEROY, *contra.*—There is nothing in the act approved April 19th, 1873, (Acts, 1872–3, p. 117,) which indicates an intention on the part of the legislature to make it retroactive. It is not retroactive, except by a forced construction. A retroactive operation will never be given to a statute, unless the intention that it should so operate clearly appears.—*Barron v. Fort*, 18 Ala. 668; *Barnes v. Mayor, &c.*, 19 Ala. 707; *Gould v. Hays*, Ib. 438; *Kidd v. Montague*, Ib. 619.

MANNING, J.—1. Although, in regard to civil remedies, laws may be enacted which shall have a retroactive operation, the general rule is that they are not to be construed to produce that effect, unless it was manifestly the purpose of the legislature that they should.—*Barnes v. Mobile*, 19 Ala. 707; *Kidd v. Montague*, Ib. 624.

2. Such a construction can not be put on the act of April

19th, 1873, "to amend sections 3101, 3102 and 3104 of the Revised Code," in relation to mechanic's liens. And appellant not having acquired any such lien on the property, concerning which this suit was brought, none was created in his favor by the enactment, subsequently, of the act referred to. The property, therefore, can not be charged, in the hands of the subsequent purchaser, with the payment of the sum due to plaintiff for his services in erecting the building thereon.

Let the decree of the Chancellor be affirmed.