# Bolen *v.* Hoven.

## *Statutory Action of Ejectment.*

1. *Executors and administrators; sale of lands for payment of debts.*
   —The probate court has no jurisdiction to sell lands of an
   estate for the costs of administration, or for a debt contracted
   by the administrator.
2. *Ejectment; evidence; color of title.*—Where, in an action of
   ejectment, certain void instruments are offered in evidence, as

muniments of title, it is proper to exclude them.  If competent
as color of title, they must be offered as such, or there is no
error in their exclusion.

3.  *Same; statute of limitations.*—Where there is a life estate in one
person, and a remainder in another, the remainderman has no
right of possession, or right of action, until the expiration of
the life estate, and the statute of limitations will not begin
to run against the remainderman until some such time or
event happens.  There can be no ouster of a remainderman
during the continuance of the life estate.

4.  *Executors and administrators; sale of lands to pay debts of es-
tate.*—A petition in the probate court for an order for the sale
of lands of an estate to pay the debts thereof, must be filed by
the personal representative of the estate; and such petition
filed by any other than such representative, gives the court no
jurisdiction, and its action in the premises in such case, is
null and void.

APPEAL from the Circuit Court of Clarke.

Heard before the Hon. JOHN C. ANDERSON.

This was a statutory action of ejectment, brought by
the appellee, Zedora Hoven, against the appellant, John
A. Bolen.  Both parties claimed title from a common
source, that is, one Odosia Stringer.  On the trial, the
plaintiff proved that she was the only child and heir of
Odosia Stringer, who died in 1868, leaving surviving her,
her husband, T. E. Stringer, and the plaintiff.  That T.
E. Stringer died in the year 1902.

The defendant offered in evidence; first, an application
by one S. J. Parker for letters of administratior *de
bonis non,* on the estate of Odosia Stringer, showing that
a former administrator, E. H. DuBose, had died, leav-
ing unadministered assets of the estate; second, an or-
der of the probate court in which the administration was
pending, ordering the sale of the lands in controversy
for payment of the debts of the estate of Odosia Strin-
ger, which order stated that it was based on the petition
therefor, filed by A. P. DuBose, the administrator of the
above mentioned E. H. DuBose.  S. J. Parker, the ad-
ministrator *de bonis non,* is recited to have appeared
and moved that the order of sale be granted.  Defendant
also offered in evidence the statement filed by Parker on
his final settlement, which showed that the only debts

paid by him out of the proceeds of such sale, were taxes on the property since his appointment, and the costs of the administration. Also, a deed made under such order to one John S. Moore, and mesne conveyances from him to the defendant. The court held the probate proceedings and deed under them to be void, and excluded them. The defendant offered evidence showing adverse possession by him and predecessors in title, since the above deed to Moore.

There was verdict and judgment for the plaintiff, from which the defendant appealed.

JOHN S. GRAHAM and MCLEOD & VAUGHN, for appellant.

LACKLAND & WILSON, contra.

DOWDELL, J.—This is a statutory action in the nature of ejectment. The plaintiff and defendant both claimed title to the land in question from a common source. The plaintiff, appellee here, rested her claim of title upon the fact that she was sole heir-at-law of the party, who was the common source. The defendant, appellant here, sought to show title through administration proceedings had in the probate court of the estate of plaintiff's ancestor, and mesne conveyances thereunder.

These proceedings had in the probate court, as well as the mesne conveyances, were excluded from evidence on the plaintiff's objections, and these are the rulings now complained of as error.

It is well settled that the probate court has no jurisdiction to sell the lands of an estate for the costs of an administration, or for a debt contracted by the administrator.—Beadle v. Steele, 86 Ala. 413, and authorities there cited.

The records of the probate court which were offered in evidence failed to show that said court had ever acquired jurisdiction of the sale of the lands of the decedent's estate, and all proceedings, therefore, had thereunder were void. As no title could pass by such void

proceedings, the court committed no error in excluding the same from the evidence on the objection of plaintiff.

It does not appear from the record that these proceedings had in the probate court, as well as the several conveyances under them, were offered in evidence otherwise than as muniments of title. It is here argued that the evidence was competent and admissible as color of title, but it does not appear that it was offered as such.

The undisputed facts show that the plaintiff's interest was that of a remainderman, and that she instituted her suit for the recovery of the possession of the land in question, within a few months after the death of the life-tenant. Until the termination of the life estate the remainderman had no right of action for the recovery of the possession of the land. The statute of limitations can never run against the remainderman during the existence of the life estate, for the reason that no cause or right of action is in the remainderman, nor can there be any adverse possession as to him for like reason. There can be no ouster of a remainderman who has neither the possession, nor right of possession, during life of the life tenant.—*Pickett v. Pope*, 74 Ala. 122; *Edwards v. Bender*, 121 Ala. 77; *Washington, Admr. v. Norwood*, 128 Ala. 388, and authorities there cited.

The case at bar is distinguishable from the case of *Woodstock Iron Co. v. Fullenwider*, 87 Ala. 584, relied on by appellant. In the case before us, there is nothing upon which to invoke the doctrine of equitable estoppel— no application of the proceeds of sale of land to the payment of debts, etc., as was the case in *Woodstock Iron Co. v. Fullenwider*. We are not to be understood, in what we have said in differentiating the present case from the *Woodstock-Fullenwider* case, as re-affirming or re-committing ourselves to the doctrine there laid down.

As the defendant was unable to trace title back to the common source, from which the bill of exceptions states that both plaintiff and defendant claimed right and title, no reversible error was committed in excluding, on plaintiff's objection, the subsequent mesne conveyances offered by defendant. We find no error in the record and the judgment will be affirmed.

Affirmed.

McClellan, C. J., Haralson and Denson, J.J.; concurring.

## ON APPLICATION FOR REHEARING.

It is insisted in argument by counsel, on application for rehearing in this case, that the petition filed in the probate court for the sale of the land in question contained all of the necessary averments as to jurisdiction. The petition, in fact, is not set out in the record, but is only referred to in a subsequent order granting a motion made by an administrator *de bonis non* to sell the land under the petition referred to. But be this as it may, and conceding that the averments as to the jurisdictional facts of indebtedness and insufficiency of personal property to pay debts were sufficient, it affirmatively appears that the petition was not filed by the administrator of the estate of Odosia Stringer, deceased, but by one A. P. DuBose, administrator of the estate of E. H. DuBose, deceased, who was in his lifetime administrator of the estate of Odosia Stringer, deceased. To give the probate court jurisdiction to sell land of the deceased, the petition must be filed by the administrator of the estate of the deceased. This is the first and essential step in the order of jurisdiction, and without this jurisdiction, no valid order could be made in the premises by the court. It is a self evident proposition, that no valid judgment can be rendered, until after jurisdiction has been acquired.

The order for the sale of the land affirmatively shows that the court was without jurisdiction to make it.—it carries its death warrant on its face. The statute is mandatory. It says the application for the sale of lands must be filed by the administrator.—§ 158, Code of 1896.

The application for rehearing must be denied.