# Leahart, *et al. v.* Deedmeyer, *et al.*

*Bill to Enforce Lien of Attorney.*

(Decided Jan. 14, 1909. 48 South. 371.-

1. *Constitutional Law; Retroactive Statutes.*—Section 22, Constitution 1901, prohibits the enactment of ex post facto law, but not a retroactive law, so that unless a law impairs the obligation of a contract, or deprives the citizen of some vested right, or is obnoxious to some other provision of the Constitution, the fact that it is retroactive does not render it unconstitutional.

2. *Statutes; Construction; Retroactive Operation.*—A statute has no retroactive effect or operation unless it is plain from its terms that the Legislature so intended it to operate.

3. *Same; Lien for Services as Attorney.*—Section 3011, Code 1907, has no application to a suit in progress at the time the section became effective, since it is not retroactive.

4. *Executors and Administrators; Contracts; Insolvency of Administrators; Statutory Provision.*—Under sections 6085 and 6086, Code 1907, attorneys who have rendered necessary services under a contract with an administrator can recover therefrom in proceedings against the administrator's successor, provided the conditions specified by section 6085, Code 1907, exists.

5. *Same; Action Against; Pleading.*—The statute requires only that the administrator who made the contract or incurred the liability should be insolvent, and it is not necessary to allege that the suc-

[Leahart. et al. v. Deedmeyer. et al.]

cessors and other defendants were insolvent, in an action against the successor of the administrator contracting for the services, and others.

6. *Pleadings. Good in Part; Demurrer.*—Where the bill contained equity as to one of the prayers, but not as to some others, a demurrer directed against the entire bill was properly overruled.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Frank Deedmeyer and others against Susie E. Leahart, administratrix of Martha A. Worley, and others. Decree for complainants, and respondents appeal. Affirmed.

JERE C. KING, for appellant. The appellees have no lien on the judgment or decre and the bill is without equity.—*Mosely & Eley r. Norman*, 74 Ala. 424; 24 A. & E. Ency. of Law, 877. Sec. 3011, Code 1907.

FRANK DEEDMEYER, and JAMES A. MITCHELL, for appellee. The statutes now give attorneys a lien on judgments and suits.—Sec. 3011, Code 1907. This statute falls within the class known as remedial statutes and are liberally construed.—Endlich on Interpretation of Statutes, sec. 107 et seq. The fact that Mrs. Worthy resigned as administrator did not abate the action.— Secs. 2499, and 2805, Code 1907; *Ex parte Howell*, 118 Ala. 117; *Brown v. Tutwiler*, 61 Ala. 372. This action is maintainable under sections 6085-6, Code 1907. See also 2 Pom. Eq. Jur. secs. 873-910.

SIMPSON, J.—The bill in this case was filed by the appellees against the appellants, seeking to enforce a lien for attorney's fees. The facts, in substance, are that one of the defendants—Martha A. Worley, as administratrix of the estate of Benjamin L. Worley, in accordance with a verbal agrement previously made by said Martha A. and M. V. Worley, who were the only

heirs of said Benjamin L. Worley—entered into a written agreement with the appellees on December 23, 1907, by which appellees were employed as attorneys to bring suit against the defendant the Southern Railway Company for damages resulting from the death of said decedent, alleged to have been caused by the negligence of said railway company, and in said agreement it was provided that said appellees should have, as compensation for their services, a sum equal to one-third of the sum which should be collected in settlement of said claim either by suit or compromise. In April, 1908, said M. A. Worley resigned as administratrix, and shortly thereafter the defendant Susie E. Leahart, a daughter of said Martha A. Worley, was appointed administratrix de bonis non of said estate, and refused to allow herself to be made a party to said suit, but proceded to make a settlement with said Southern Railway Company without the knowledge of said attorneys, appellees, and made a settlement by written agreement for the sum of $3,500, which has not been paid. Complainants claim a lien on said suit under section 3011 of the Code of 1907, which went into effect May 1, 1908; and they allege that the resignation by said M. A. Worley, and the appointment in her stead of her said daughter, Susie E. Leahart, was part of a fraudulent scheme entered into between them, said M. V. Worley, and other persons unknown, for the purpose of defrauding complainants of their just rights, by compromising said claim, and that the Southern Railway Company, through some agent, participated in said collusive scheme or arrangement to defeat or defraud complainants out of their fees. The prayers of the bill are that the estate of said Benjamin L. Worley, deceased, be decreed to be liable for the fees due complainants, that complainants be adjudged and decreed a lien on said suit and said claim for damages, "and inci-

dentally that they be adjudged and decreed a lien on the said sum of $3,500 due from the Southern Railway Company, and that said company be ordered and directed to pay over to the complainants the amount due them for said services, and that the court adjudge and decree that the complainants are entitled to the amount of $1,166.66, with interest thereon."

The first question which presents itself is whether the lien provided for by section 3011 of the Code applies to causes of action which were in progress when said sec tion became a law. It may be stated, as a general proposition, that there is no section in our Constitution which prohibits the enactment of a retroactive law.— *Aldridge v. Tuscumbia, etc., R. R.,* 2 Stew. & P. 199, 23 Am. Dec. 307; *Lindsay v. United States Savings, etc. Ass'n.,* 120 Ala. 168, 24 South. 171, 42 L. R. A. 783. Section 22 of our Constitution of 1901 expresses the only limitation in that line, and our courts have held that "ex post facto" laws are necessarily penal laws; so that, unless a law impairs the obligation of a contract, or deprives the citizen of some vested right, or is obnoxious to some other provision of the Constitution, the mere fact that it is retroactive does not render it unconstitutional. The general rule is that a law will not be construed as having a retroactive effect unless it is plain from its terms that the Legislature so intended.—*Smith v. Kolb et al.,* 58 Ala. 645. It was held in the case just cited that the act amending the statute in regard to mechanics' liens did not have any retroactive effect. The retroactive statutes which have been recognized as valid have been mainly acts affecting merely the remedy; but when an act fixes a lien upon a citizen's property, which did not exist before, as the result of a contract already made ,while it does not impair the obligation of the contract, yet, on the contrary, it increases the burden of the

contract, which would seem to be as great a wrong to one party as impairing the obligation would be to the other. In fact, to the extent that the lien attaches, it is taking the party's property without due process of law, inasmuch as it gives to the lienor the right to take the property of the other by mere legislative enactment.

In our own court, in a case wherein it declared unconstitutional a mechanics' lien law, which made the fact that the person performing labor was not notified in writing not to perform it prima facie evidence that it was by and with the owner's consent that such labor was performed, the court quotes with approval from the case of *Meyer v. Berlandi,* 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. Rep. 663, these words: "As liens are an incumbrance upon the owner's property, it is fundamental that they can only be created by his consent or authority. No man can be deprived of his property without his consent, or by due porcess of law."—*Randolph v. Builders' & Painters' Supply Co.,* 106 Ala. 501, 512, 17 South. 721. And in a later case, on the mechanic's lien law, the same quotation is made. —*Selma Sash, etc., Factory v. Stoddard,* 116 Ala. 251, 253, 22 South. 555. This court also said, referring to the principle that a mechanic's lien could not have precedence of a prior mortgage on the land: "To hold that a subsequent contractor or materialman could acquire a lien which would take precedence over an intervening incumbrance * * * would shock the moral sense of the profession and fail to carry out the intention of the Legislature."—*Wimberly v. Mayberry & Co.,* 94 Ala. 246, 10 South. 157, 14 L. R. A. 305; *Welch v. Porter,* 63 Ala. 232.

It would involve the same principle to hold that the Legislature could import into a contract already made a provision fixing a lien on the property of the contract-

or, not included in the original contract.  An act simi-
lar to section 3011 of our Code was passed by the Leg-
islature of Minnesota, and the Supreme Court of that
state held that it did not apply to a suit which was in
progress at the time the act became effective.—*Northrup
v. Hayward,* 102 Minn. 307, 113 N. W. 701.

It results that section 3011 of the Code of 1907 does
not apply to the claim in this case, and that the appel-
lees have no lien upon the cause, or upon the proceeds
thereof, under said section.  However, section 4183 of
the Code. of 1896 (section 6085, Code 1907) provides
that an administrator "may render the estate in
his hands, to be administered, liable for the payment for
necessary services rendered to him,  *  *  *  if he be or
become insolvent, without making payment, and has not
charged the estate with, and obtained credit for such
services."  And the succeeding section provides for the
enforcing of said liability by proceedings in the chan-
cery court against said administrator or his successor.

It is insisted by the appellants, as a reason for sus-
taining the demurrer, that, while the bill alleges that
Martha A. Worley is insolvent, it does not allege that
Susie E. Leahart, M. V. Worley, or the Southern Rail-
way Company is insolvent.  There is no merit in this
contention.  The statute requires only that the adminis-
trator who made the contract or incurred the liability
shall be insolvent.  The evident reason of this is that, if
he is not insolvent, he is liable personally for the claim.

The bill seeks, first, that "the estate of Benjamin L.
Worley, deceased, be decreed liable for the fees due
them [complainants] for services," etc.; and, second
that their lien be declared and enforced.  The demurrers
point out objections only to the liens, and yet are di-
rected against the entire bill, and as to the second pray-
er of the bill there is equity.  Consequently the demur-

rers were properly overruled.—*Worthington et al. v: Miller*, 134 Ala. 421, 32 South. 748.

The question of the misjoinder of parties is not included in either cause of demurrer.

The decree of the court is affirmed.

HARALSON. ANDERSON, and DENSON, JJ., concur.