[Dickens v. Dickens, et al. and Watters v. Dickens, et al.]

# Dickens *v.* Dickens, *et al.*
# and
# Watters *v.* Dickens, *et al.*

*Bill to Declare Deed and Bill of Sale Fraudulent and Void and to Cancel Same.*

(Decided Nov. 16, 1911.   56 South. 806.)

1. *Appeal and Error; Parties to; Necessary Parties.*—Where a decree affects title to land which the principal defendant had conveyed, and which has been reconveyed, an appeal by the principal defendant alone not taken in the name of all the defendants, must be dismissed.

2. *Statutes; Retroactive; Parties.*—Acts 1911, p. 589, amending section 2884, Code 1907, cannot be given a retroactive effect, and does not affect appeals already pending.

3. *Bankruptcy; Sale of Bankrupt Estate; State Courts.*—Where a debtor was adjudged a bankrupt, and a trustee in bankruptcy was appointed, after an action had been brought in the state court to cancel deeds by which a debtor fraudulently attempted to transfer his property, the state court will not decree a sale of the property upon setting aside such conveyance, since upon the cancellation of the deed the title vested in the trustee in bankruptcy.

4. *Equity; Decree; Effect.*—Where all the defendants to a bill appeared and answered, and pending a submission of the cause, one of them died, the suit being revived against his widow, heirs and personal representatives, the suit as revived, was merely a continuation, and hence, sections 3170-3173, and 3175, Code 1907, do not apply although personal service was not had on the substituted defendant.

5. *Constitutional Law; Encroachment on the Legislative Province.*—The courts cannot disregard those statutes which provide that a decree against the defendant not personally served and not appearing, shall not be absolute for twelve months, as the wisdom of such act is a question for the legislature.

6. *Statutes; Construction; Repeal.*—The abrogation of one of a series of statutes protecting defendant not personally served and not appearing is an implied approval of the series remaining unrepealed, rather than an indication that the whole was abrogated.

7. *Abatement and Revival; Suits in Equity; Death of Defendant.*—The death of a defendant pending submission suspends a suit in equity, but upon revival, the case is restored to the condition in which it was when the abatement or suspension occurred.

8. *Same; Substitution of Parties; Answer by Such.*—Where a defendant answered and pending submission dies, and the suit is revived against his personal representative, such substituted party

20—174

[Dickens v. Dickens, et al. and Watters v. Dickens, et al.]

need not answer again, and if the original bill is unchanged, no decree pro confesso can be taken against the substituted party.

9. *Same.*—Where a defendant dies after decree and a new party is substituted, the new party cannot litigate the questions decided before he was made a party.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Carrie McGill Dickens against Charles C. Dickens, Julian A. Watters, trustee in bankruptcy of said Dickens and others, with cross bill by Dickens and Watters seeking affirmative relief. From a decree for complainant Charles C. Dickens appeals, and both complainant and defendant Watters prosecute cross appeals. The main appeal is dismissed and the decree is corrected and affirmed on the cross appeals.

WEBB & McALPINE, for appellant. The court erred in striking the plea and in exercising jurisdiction of said cause.—11 A. Bank. Rep. 761; 11 Am. Bank Rep. 1; 16 Am. Bank 267. Counsel discuss other assignments of error relative to the decree, but without further citation of authority. The appellant should have been permitted to go into the settlement made in 1903 between the parties.—*Scheuer v. Berringer,* 102 Ala. 216; *Richards v. Frazer,* 122 Cal. 456; 33 Pac. 496; 54 S. E. 732; *Morrow v. Allison,* 39 Ala. 70; *Hall v. Pegram,* 89 Ala. 528. The statute of limitations does not affect the right of appellant to have an accounting prior to 1903.—*Stovall v. Clay,* 108 Ala. 105.

GREGORY L. & H. T. SMITH, for appellee. The original appeal must be dismissed, as one defendant cannot alone appeal from a decree in which he is jointly interested with other appellants.—*Sellers v. Smith,* 143 Ala. 566; *Moore v. McGuire,* 26 Ala. 461; *Merrill v. Jones,* 2 Ala. 194; 210 U. S. 431; 175 U. S. 723; 155 U. S. 86.

[Dickens v. Dickens, et al. and Watters v. Dickens, et al.]

Whether the conveyance was void or not, it was binding upon Dickens, and he had no interest in the question as to whether it shall be set aside as to creditors or allowed to stand.—*Thames v. Rhinehart,* 63 Ala. 571; *Shealy v. Flinn,* 75 Ala. 418; *Street v. McClerkin,* 77 Ala. 580; *Gilliland v. Fenn,* 90 Ala. 233. If the original bill had been dismissed, Charles Dickens would have no interest whatever in the property that he conveyed away to his brother and others, and he is not even a necessary party defendant.—*Caffey v. Norwood,* 81 Ala. 516; *Stanton v. Rising,* 103 Ala. 457; 20 Cyc. 833; 2 Cyc. 630. A grantor who has been adjudged a bankrupt has no interest in the estate as his entire estate passed to the trustee.—*Buffington v. Harry,* 95 U. S. 99; *Fay v. Street,* 37 Ark. 39. If it be conceded that Dickens had no notice whatever of the taking of the depositions, still there would be nothing either in the first or seventh assignments of error, as his remedy was by motion for suppression, which must be made before the cause is submitted.—Section 4042, Code 1907; *Cornelius v. Parrish,* 39 Ala. 473; *McGill v. Morrisette,* 37 Ala. 49; *Hudson v. Hewlett,* 32 Ala. 478; *Harper v. Hayes,* 149 Ala. 179. The court properly struck the plea.—141 Fed. 626; 195 U. S. 176; 52 Atl. 73; 126 Fed. 976. The burden being on the defendant of showing that the conveyance had been executed for a valuable and adequate consideration, and the defendant making no effort to carry this burden, the decree must necessarily be what it was.—*Chipman v. Glennon,* 98 Ala. 263; *Caldwell v. Pollock,* 91 Ala. 351; *Buchanan v. Buchanan,* 72 Ala. 55. Counsel discuss other assignments of error, but without citation of authority.

McCLELLAN, J.—These appeals were submitted on April 6, 1911. The submission included a motion, by

Carrie McGill Dickens, appellee in the above-styled main appeal, to dismiss the appeal of Charles C. Dickens on the ground, with another, that the appeal was not properly taken, in this, that the appeal was taken by Charles C. Dickens alone; whereas it should have been taken, if his co-defendants did not affirmatively join therein, by him for and in the name of his co-defendants.

The original bill in this cause was filed by Carrie McGill Dickens, and against Charles C. Dickens, John N. Dickens, and John A. Hawkins; the last two named being residents of the state of Virginia. It was alleged therein that Charles C. Dickens and James O. Dickens had been partners doing business under the firm title of English Manufacturing Company; that James O. Dickens was the husband of complainant, and she his only distributee; that he died November 30, 1906; that Charles C. Dickens was his surviving partner and as such entered upon the management of the firm's business; and that he also qualified as the administrator of the estate of James O. Dickens, deceased. It was also alleged that, pending the disposition, by the chancery court of Mobile, of another cause wherein Carrie McGill Dickens, because of Charles C. Dickens' derelictions, sought the appointment of a receiver for the partnership and estate property, and an ascertainment of the indebtedness by, and an accounting from, him in his two capacities, Charles C. Dickens fled the jurisdiction of the court and with affirmative fraudulent intent to defeat the end sought in the cause indicated undertook to convey all his landed estate in Mobile county, Ala., and also cattle and timber, to the defendants John N. Dickens and John A. Hawkins, brother and brother-in-law, respectively, of the said Charles C. Dickens. After these defendants had answered the bill in the cause at

bar, John N. Dickens died, on November 5, 1909. There was revivor, as to the main and cross bills, against his infant heirs at law, notice being given by publication in the usual mode, and a guardian ad litem constituted to represent them. Pending the disposition of this cause, Charles C. Dickens was, upon the petition of creditors, *adjudged,* on July 8, 1909, a bankrupt. Julian A. Watters was constituted trustee in bankruptcy. By amendment, he was made a party defendant in the cause. He answered and made his pleading a cross-bill, to which Charles C. Dickens, John N. Dickens, John. A. Hawkins, and Carrie McGill Dickens were made parties defendant.

The prayer common to the amended original bill and to the trustees' cross-bill was, in substance, that the conveyance and bill of sale to John N. Dickens and John A. Hawkins be declared fraudulent and void and canceled. The former bill sought, also, the ascertainment of the indebtedness of Charles C. Dickens to Carrie McGill Dickens, the declaring of a lien upon the lands in question, and their sale to satisfy complainant's demand.

The decree adjudged that Charles C. Dickens was indebted to Carrie McGill Dickens at the time the conveyance and bill of sale to John N. Dickens and John A. Hawkins were executed; that both the conveyance and the bill of sale were fraudulent and void, because made to hinder, delay, and defraud creditors of Charles C. Dickens; that the title to the property so undertaken to be conveyed was in the trustee (cross-complainant); that the prayer of both the original and cross bill (of the trustee) for the cancellation of the conveyance and bill of sale be granted.

There were other directions of the decree affecting the delivery of the property in question to the trustee

in bankruptcy; and also a permanent injunction, enjoining the defendants from asserting any title against the trustee in bankruptcy, "except as to such surplus as may remain in the hands of such trustee in bankruptcy, after the payment of all of the creditors of said Charles C. Dickens and the administration of said estate in said bankrupt court."

The motion to dismiss the appeal, upon the ground stated before, must prevail. "The general rule is that appeals must be taken in the names of all the plaintiffs or defendants as the case may be, and summons and severance had in the appellate court for purpose of assignment of errors. The rule, however, finds its limitation, in that only parties to the suit *who are affected* by the judgment or decree appealed from should be made parties."—(Italics supplied.)—*Washington v. Arnold,* 167 Ala. 448, 52 South. 463; *Moore v. McGuire,* 26 Ala. 461, 463; *Jameson v. Colburn,* 1 Stew. & P. 253; *Cullum v. Batre,* 1 Ala. 126; *Sellers v. Smith,* 143 Ala. 566, 39 South. 356.

As is apparent, the grantees, or those in succession to their asserted right, in the alleged conveyance and the purchasers, or those in succession to their asserted right, in the bill of sale, were and are immediately affected by the decree appealed from. The reasons for and object of the rule are fully stated in the decisions cited, among others.

On April 21, 1911, subsequent to the submission of this cause on the motion and merits on April 6, 1911, an act (Acts 1911, p. 589) was approved amending Code 1907, § 2884. One effect of that act was to abrogate the rule before stated. There is nothing in this act evincing any legislative purpose to render its provisions applicable to appeals already, theretofore, submitted for decision. In cases where the Legislature may enact

with a retroactive effect, the courts, will not construe the enactment to control or affect past transactions or matters unless the Legislature expresses a clear intention to give the enactment a retroactive operation.— *Gould v. Hayes,* 19 Ala. 438, 451; *Barnes v. Mobile,* 19 Ala. 438, 451; *Barnes v. Mobile,* 19 Ala. 707, 708; *Smith v. Kolb,* 58 Ala. 645; *New Eng. Mort. Co. v. Board of Revenue,* 81 Ala. 110, 1 South. 30; *Wetzler v. Kelly,* 83 Ala. 440, 3 South. 747. If it be assumed (for the occasion only) that the Legislature was authorized to abrogate the rule stated, and to exempt a pending cause, already submitted, from the effect thereof, the act cited manifests no such intention. We therefore conclude that the motion under consideration is unaffected by the act cited.

The appeal of Charles C. Dickens is, hence, dismissed.

## Cross-Appeals.

Cross-appellant Carrie McGill Dickens assigns as error the failure of the chancery court "to order the property conveyed by Charles C. Dickens to John A. Hawkins and John N. Dickens, both in the conveyance and in the bill of sale referred to, to be sold and the proceeds applied to the payment of complainant's debt." In view of the fact that the title of Charles C. Dickens, in and to this property, passed to the trustee in bankruptcy upon the cancellation of the instruments purporting to transmit the title to Dickens and Hawkins, the declination of the chancery court to sell the property, then unsold, and to apply the proceeds thereof to the payment of cross-complainant's debt, was proper.

Both the cross-appellants (Julian A. Watters, trustee, and Carrie McGill Dickens) complain, by proper assignments of error, of the decree in the particular that it subjected the adjudication thereby made to the pro-

visions of the Code, §§ 3170-3175. Section 3174 was repealed by an act approved April 22, 1911 (Acts 1911, p. 633). It might be said that the question raised by this assignment has become moot.

The system, of early origin, provided by these statutes, has for its object the protection, within defined limits and under certain circumstances, of the rights and interests of nonresident or absent defendants in equity causes.—*Sayre v. Elyton Land Co.,* 73 Ala. 85; *Seelye v. Smith,* 85 Ala. 25, 4 South. 664. It is provided therein, among other things, that "a decree made against a defendant, without personal service, who does not appear, is not absolute for twelve months," except as otherwise provided—an exception not material to the inquiry.

As appears from our previous statement of the cause, all of the original defendants appeared and answered. John N. Dickens died pending the preparation of the cause for submission to the chancellor, and the cause was revived, both as to the original and cross bills, against his widow and heirs at law, and his personal representative when known. The infant defendants were represented by guardian ad litem.

Speaking to our (statutory) system with respect to jurisdiction of nonresident or absent defendants, of which system the statutes cited are a part, it was said in *Sayre v. Elyton Land Co., supra,* Brickell, C. J., writing: "These restrictions and limitations the courts are bound to observe; they cannot be dispensed with, however much they may seem to embarrass, or however unnecessary they may seem to be in the administration of justice in particular cases."

If the statutes mentioned apply, there could be, of course, no questioning of the necessity to observe them. If these statutes create an undesirable system, the rem-

edy to avoid its effect is with the Legislature alone. And it may be here added that the repeal of section 3174, by the Legislature of 1911—a section touching only the limitation with respect to infants—evinced no purpose to abrogate any other feature of the system. On the contrary, the necessary implication is that the other pertinent provisions were satisfactory to the lawmakers.

In equity, the death of a party defendant, pending the submission suspends the cause.—18 Ency. P. & Pr. 1097, and rules; Story's Eq. Pl. § 354; 1 Cyc. p. 114.

Upon revival, the cause is restored "to the condition in which it was when the abatement occurred."—*Evans v. Welch*, 63 Ala. 250, 254, 255, 1 Cyc. 114.

If the bill has been answered and there is no discovery of assets desired, the substituted party is not required to answer. The answer of his predecessor is his answer.—Story's Eq. Pl. § 375; 1 Cyc. p. 115; Adams' Eq. p. 407; Depue, J., in *Marlatt v. Warwick*, 19 N. J. Eq. 445; *Douglass v. Sherman*, 2 Paige (N. Y.) 361.

It is a necessary consequence that, if the original bill is unaltered after answer filed by the original defendant, no decree pro confesso could be taken against the new, substituted defendant.

And by way of established premise it may be here noted that in cases where, before death of a party, a decree has been rendered, the new, substituted, party cannot litigate *anew* the questions already decided when he is made a party.—*Winston v. McAlpine*, 65 Ala. 377; *State ex rel. v. Mayor, etc.*, 24 Ala. 701, 705.

From this effect of the death of a party defendant, before submission of the cause and after answer filed by him, it results, with certainty we think, that the substituted defendant, upon revivor, cannot be viewed as a defendant "not appearing," within the meaning of the

[Dickens v. Dickens, et al. and Watters v. Dickens, et al.]

statute.—Code, § 3170. The particular office of the system is to afford defendants, not personally served and not appearing, an opportunity, within definite limitations, to invoke the court, upon sufficient cause, to consider the *merits* of the cause.—Code, § 3171. If the original defendant has answered the bill, or if he has appeared and taken any other action in the cause touching its *merits,* it would seem to be clear that the particular concern of the system under consideration has been satisfied, at least partially. And unless the system admits of an apportionment of the effect of an appearance and contestation of the *merits* by the original defendant, it is impossible to conclude that the substituted defendant, though not personally served and not otherwise appearing, is a defendant of the character contemplated by section 3170. The condition stated cannot exist, in such a case, for the substituted defendant enters the proceeding invested with the protection and advantages his predecessor has created by his appearance and pleading in the cause. The cause is not a new cause. It is but a *continuance* of the cause suspended by death. The cause is one cause; and is not separable, so as to bring the succeeding, substituted, defendant within the restrictions of the system under consideration.

Hence the decree is erroneous in the particular that it subjected its conclusiveness to the system of limitations and restrictions provided in Code, §§ 3170-3175.

The appeal of Charles C. Dickens is dismissed upon motion. And on the cross-appeals of Carrie McGill Dickens and Julian A. Watters, trustee, the decree is corrected to avoid the error indicated, and, as corrected, the decree is affirmed.

Main appeal dismissed. Corrected and affirmed on the cross-appeals. All the Justices concur.