## Lamont *v.* Marbury Lumber Company.

*Trespass to Realty.*

(Decided May 14, 1914.   65 South. 369.)

1. *Trespass; Buildings; Removal; Statutes.*—As section 6026, Code 1907, did not include buildings until its adoption into the Code of 1896, which did not become operative until February 17, 1898, such section did not apply to buildings erected in 1897, which before the adoption of said section were not removable when, by change of boundary line, it was discovered that they had been constructed by mistake on the lands of another.

2. *Same.*—Section 6026, Code 1907, clothes persons coming within its terms with the right to peaceably and seasonably enter the lands of an adjacent proprietor for the strictly limited purpose of removing material mistakenly employed in improving or placed on such other land, without rendering such entry a trespass.

3. *Property; Buildings; Land of Another.*—The erection of a building on lands of another prior to the incorporation of section 6026, Code 1907, into the Code of 1896, invested the building with the character and quality of the realty on which it was placed so as to render it a part thereof, and the property of the owner of the soil in the absence of a contractual reservation to the contrary.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by M. B. Lamont against the Marbury Lumber Company for trespass to realty. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 169 Ala. 33, 53 South. 773.

The complaint is as follows: Count 1. Plaintiff claims of defendant $5,000 for this, to wit: That, plaintiff being the owner and in posssssion of a certain house on her tract of land, in said state and county consisting of the N. W. ¼ of section 19, and the W. ½ of the N. W. ¼ section 20, township 20, range 16, the said defendants, acting through their agents and servants, in the month of November of the year 1905, without any lawful excuse entered upon her said premises, and tore down and demolished her said house, erected in 1897, to the damage of plaintiff $5,000, for which she sues, and said trespass was made willfully and knowingly; the defendants being informed that the house was on plaintiff's land.

(2) Plaintiff claims of defendant the further sum of $5,000, for this, to wit: That said defendant, acting through their agents and servants in, to wit, the month of November, 1905, wrongfully and intentionally, and without just cause or excuse, and in utter disregard of plaintiff's rights, entered upon her premises, consisting of the lands described in count 1, and tore down and demolished, her house situated thereon.

The following are the pleas: (2) That if the house from which the lumber was taken, and which was partly torn down, was on plaintiff's land, it was nevertheless the property of defendant Marbury Lumber Company, because the said company was the owner of the lands on the south and west of plaintiff's lands, and when it erected the house in question it was under the mistaken

belief that the house was being erected on its lands, and not on plaintiff's lands, and that, even if the survey of the county surveyor afterwards showed it to be on plaintiff's land, it was nevertheless, under the statutes of Alabama, still the property of the Marbury Lumber Company.

B. That the house on said lands was not the property of plaintiff, but was a house erected by defendant Marbury Lumber Company out of material belonging to it, and during the year 1896, by mistake, was erected across the line from its lands on plaintiff's land. That the true line was not discovered until, to wit, the year 1905, when the line was located by the county surveyors, and it was then learned that said house was across the line and on plaintiff's lands.

The demurrers were as follows: To plea 2 that it does not show when said house was erected, or show that it was at a time when there was a law giving defendant the right to the house or to take it down. To plea B, that it shows the erection of the house on plaintiff's land at a time and under circumstances that made the house plaintiff's house, and showing that defendant had no right to tear it down or to injure it; the fact that defendant erected the house by mistake gave them no right to tear it down; the plea is no answer to the actual damage; the plea confesses the trespass, and makes no answer thereto by way of avoidance; the plea only traverses the malice of the trespasser; the plea neither answers the actual damages nor the punitive damages claimed. Separately to both pleas, that they do not purport to and do not answer the trespass as to the actual damages; only set up matters which purport to answer the malice of the trespass, and this cannot be separately pleaded to as an answer to the complaint. The judgment entry recites as follows, as to the demurrers:

"Demurrers to pleas 2 and B coming on to be heard, it is ordered and adjudged by the court that the same be and they are hereby overruled."

The authorities noted by appellee in support of the insistence that no judgment is shown on demurrers are Bell v. Otts, 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117; Jasper Merc. Co. v. O'Rear, 112 Ala. 247, 20 South. 583; Tallassee Falls Mfg. Co. v. Wes. Ry. of Ala., 128 Ala. 167, 29 South. 203; McKissack v. Witz, 120 Ala. 312, 25 South. 21; Bessemer L. Co. v. Du Bose, 125 Ala. 442, 28 South. 380; Cartilege v. Sloan, 124 Ala. 596, 26 South. 918; McDonald v. Ala. Mid. Ry. Co., 123 Ala. 227, 26 South. 165; Baker v. Swift, 87 Ala. 530, 6 South. 153; Park v. Lide, 90 Ala. 246, 7 South. 805; Morgan v. Flexner, 105 Ala. 356, 16 South. 716; Long v. Holley, 157 Ala. 514, 47 South. 655; Crawford v. Crawford, 119 Ala. 34, 24 South. 727; Hereford v. Combs, 126 Ala. 369, 28 South. 582; Ala. Nat. Bank v. Hunt, 125 Ala. 512, 28 South. 488; Elyton L. Co. v. Morgan, 88 Ala. 434, 7 South. 249.

W. A. Gunter, for appellant. The breaking and entering is the gist of trespass to realty, and matters of aggravation will be proven without allegation thereof, and if alleged need not be proven and cannot be separately pleaded to.—38 Cyc. 1086 and note; Id. 1098; 1 Sutherlin, 796; *David v. David,* 27 Ala. 222; *Ala. Co. v. Arnold,* 84 Ala. 159. The judgment of the court sufficiently disposed of the demurrers to 2 and B, and the judgment is sufficient on which to base the appeal.— *Bell v. Otts,* 101 Ala. 188; *Speed v. Cox,* 57 Ala. 209.

Rushton, Williams & Crenshaw, for appellee. The authorities cited by counsel in support of their insistence that the judgment will not support the appeal may

be found by reference to the statement of facts. The court properly overruled demurrers to pleas 2 and B.— 4 Sutherlin 1010; 13 Cyc. 777; 169 Ala. 33; *Edgar v. State,* 156 Ala. 147. The pleas were properly filed under § 6026, Code 1907.—*Jefferson S. B. v. Miller,* 145 Ala. 243; *Lowenburg v. Bernard,* 47 Mo. 297.

McCLELLAN, J.—This is the second appeal.—169 Ala. 33, 53 South. 773. The action is trespass to realty. The report of the appeal will contain the counts of the complaint. To them pleas 2 and B were interposed; and demurrers to them, the particular grounds of which the report of the appeals will disclose, were overruled. This appeal only presents for review that action of the trial court. These pleas sought to invoke in bar of recovery this statute (Code, § 6026): "When a survey of land is made by a county surveyor for the purpose of straightening or locating section or other lines, the owners of the fences or buildings erected on or near the original or supposed lines shall not lose their right to the same, when the survey places the fences or buildings upon the lands of others."

This section (6026) is the duplicate of section 3898 of the Code of 1896. The Code of 1886, section 942, did not include *buildings;* that subject of the statute's effect being new to the Code of 1896. The Code of 1896 went into operation and effect on February 17, 1898, by proclamation of the Governor.—Acts 1896-97, p. 1089.

In count 1 it is averred that the building removed was "erected in 1897." Count 2 is silent as to the time the building in question was erected. Aside from the fact that plea 2 was conditional—a method of pleading not to be at all commended (*Smith v. Agee,* 178 Ala. 627, 59 South. 647)—that plea appears to have accepted, without denial, the time of erection of the building as

averred in count 1, in the year 1897. The statute (section 3898; section 6026) not being in effect as respected *buildings* until February 17, 1898, plea 2 was subject to the first ground of demurrer (stated in two forms), taking the objection, in substance, that the plea did not show the right of the defendant to the protective provisions of the statute. The statute cannot be given a retrospective operation, or an effect that would visit its preservation against loss, of the right to the material mistakenly employed in the improvement of another's land, upon cases where the improvement, though mistakenly made, was made *before* the statute became effective. The general rule requires that statutes be given a prospective operation unless the contrary legislative intent clearly appears from the enactment.—*Dickens v. Dickens*, 174 Ala. 305, 311, 56 South. 809; *Leahart v. Deedmeyer*, 158 Ala. 295, 48 South. 371. In this statute (section 3898), there is no indication or expression of a legislative purpose to undertake the application of the provisions of the statute to a status of fact and of right already established when section 3898 (Code of 1896) was made to include *buildings*.

Again, the erection of the *building* in question, if it was done before February 17, 1898, on the land of plaintiff (appellant) invested it with the character and quality of the realty on which it was placed, and it became the property of the owner of the soil, in the absence of contractual reservation to the contrary.

To attribute to the statute the legislative purpose to effect the *divestiture* of a property right thus vested in the owner of the land would result in importing invalidity into the enactment.—36 Cyc. p. 1210, et seq.; *Leahart v. Deedmeyer, supra*. Such a result will be avoided if at all reasonably possible.

Plea B was subject to the like infirmity, and was hence demurrable on the ground indicated.

It should be said, however, that no doubt is entertained of the necessary effect of the statute being to clothe persons within its terms with the right to peaceably and *seasonably* enter the lands of the adjacent proprietor for the strictly limited purpose of removing and to remove *his* material mistakenly employed in improving or laid upon the other's land. In such circumstances the remover has immunity from liability for a trespass, according with the largely analogous right of temporary entry treated in *State v. Simons,* 145 Ala. 95, 40 South. 662. It is not to be supposed that the preservative right established by the statute under view was only intended to be declared, and not the subject of such nondamnifying, temporary, restricted entry as would allow it to be available.

It is insisted for appellee that there is no sufficient judgment entry showing the court's ruling on the demurrer. The authorities relied on have been considered in the light of the judgment entry shown by the record. Our conclusion is that the appellee's insistence in this respect is not well founded.

For the errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ, concur.