# Marbury Lumber Co. v. Lamont.

### Trespass to Realty.

(Decided January 18, 1917. 73 South. 923.)

1. **Trespass; Directing Verdict.**—Where the plaintiff testified that she owned and was in possession of the land on which a house was situated and that under the direction of the president of the corporation the house was razed or partially destroyed and that such president was acting for and on behalf of such corporation, defendant was not entitled to a directed verdict.

2. **Same; Exemplary Damages; Jury Question.**—Where the court made it plain by its instructions that no exemplary damages could be awarded for the destruction of the house belonging to the plaintiff if the defendant corporation or its officers did not know at that time that the house belonged to the plaintiff, no error was committed in submitting the question of exemplary damages to the jury.

3. **Same.**—Where the court repeatedly instructed that before exemplary damages could be awarded the jury must believe that the unlawful act was done intentionally and with knowledge that it was in disregard of plaintiff's right, no prejudice resulted to the defendant in giving a charge stating the legal definition of malice which was incomplete or involved or meaningless in omitting to state that the trespass must have been known to be to the injury of another.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Mary B. Lamont against the Marbury Lumber Company for damages for trespass to realty. Judgment for plaintiff and defendant appeals. Affirmed.

[Marbury Lumber Co. v. Lamont.]

RUSHTON, WILLIAMS & CRENSHAW, for appellant.  W. A. GUNTER, for appellee.

GARDNER, J.—Suit by appellee against the appellant for trespass to realty.  This is the third appeal in this cause.— *Marbury Lbr. Co. v. Lamont*, 169 Ala. 33, 53 South. 773; *Lamont v. Marbury Lbr. Co.*, 187 Ala. 436, 65 South. 369.

The cause of action grew out of the partial destruction of a house on the land of plaintiff.  On the last appeal it was held that the defendant was not entitled to any of the benefits of Code, § 6026, for the reasons stated in the opinion.—*Lamont v. Marbury Lbr. Co., supra.*

The evidence for plaintiff showed that she owned and was in possession of the land upon which was situated the property in question, and that D. H. Marbury, president of said company and the person under whose direction the house was razed or partially destroyed, was acting for and in behalf of said Marbury Lumber Company.

(1) The affirmative charge requested by the defendant was properly refused.—*Lamont v. Marbury Lbr. Co., supra.*

It is next insisted that there was no evidence justifying a reasonable inference that the trespass was malicious, within the meaning of the law, so as to justify the imposition of exemplary damages.—*Wilkinson v. Searcy*, 76 Ala. 176; *Garrett v. Sewell*, 108 Ala. 521, 18 South. 737; *Hicks Bros. v. Swift Creek Co.*, 133 Ala. 411, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38; *L. N. R. R. Co. v. Smith*, 141 Ala. 335, 37 South. 490; 5 Words and Phrases 4298, 4299.

That the house was partially torn away under the direction of the defendant, D. H. Marbury, and that it was on plaintiff's land, seems to have been established without dispute.  The insistence seems to be that nothing more appears than a mere disregard of plaintiff's rights, and that the case is brought within the influence of the language used in *Wilkinson v. Searcy, supra*, and that there was no evidence justifying a reasonable inference by the jury that the trespass was done with a known disregard of plaintiff's rights.—*Hicks v. Swift Creek Co., supra.*

We need not discuss the evidence.  Suffice it to say, we are persuaded that it was sufficient to justify the jury in drawing a reasonable inference that the defendant had notice, at the time of the partial destruction of the house, that it was on plaintiff's

[Marbury Lumber Co. v. Lamont.]

property, and that the acts complained of were done with defendant's knowledge of this fact, and with notice of plaintiff's claim.

(2) The judgment recovered was for $50, and it does not satisfactorily appear that exemplary damages were in fact awarded by the jury. However this may be, we are of the opinion that there was no error in submitting the question of exemplary damages for the determination of the jury. The court, in the oral charge, made it plain to the jury that no exemplary damages could be awarded if they believed that what was done was without the knowledge of the defendant that the property injured was that of the plaintiff; and such instructions were repeated by the court in the oral charge.

(3) Counsel for appellant criticise the language of the charge given at the request of plaintiff, by way of stating the legal definition of malice, and insist that the charge is incomplete, or involved, or meaningless, in that it omits to state that the unlawful act done must have been known to the party to be to the injury of another.—*Hicks v. Swift Creek Co., supra; Dempsey v. State,* 27 Tex. App. 269, 11 S. W. 372, 11 Am. St. Rep. 193; *Lang v. State,* 84 Ala. 1, 4 South. 193, 5 Am. St. Rep. 324; *L. & N. R. R. Co. v. Smith, supra.*

We deem it unnecessary to enter into a consideration of the criticism of this instruction, for even should we consider that the charge was somewhat involved or misleading in its tendency, we would be nevertheless clear to the view that it had no prejudicial effect upon the jury and could not have misled them, in the light of the repeated instructions by the court in its oral charge that, before exemplary damages could be awarded, the jury must believe that the unlawful act was done intentionally and with knowledge on the part of defendant that it was in disregard of plaintiff's rights. By what is here said we do not mean to indicate that the charge was subject to the criticism interposed. We merely waive the question as one here unnecessary to be determined, for the reasons above stated.

Finding no reversible error in the record, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.