174 So. 616

## TURLEY v. HAZELWOOD et al.

### 6 Div. 119.

Supreme Court of Alabama.

May 20, 1937.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellees.

FOSTER, Justice.

This suit is in equity. It alleges that on September 29, 1930, a will of H. H.

Turley was admitted to probate, and complainant sought to contest it in equity on the ground that decedent had for a valuable consideration promised and agreed to make him the devisee of all his property, and had in 1927 made a will in writing duly witnessed carrying such agreement into effect.

After a hearing, the court held that complainant was right in law and fact in that contention, and made a decree that the will in 1927 was binding as a contract, and took precedence over the will made in 1930, and proceeded to enforce it as in the nature of a trust. So that the proceeding is not so much in the nature of a will contest, though in that form, as it is one to declare and enforce a trust as by specific preformance, and is supported by our cases. Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am.Rep. 107; Mayfield v. Cook, 201 Ala. 187, 77 So. 713; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46.

No question is here raised as to the propriety of the decree and its effect in that respect.

But appellee had been named executor in the will which was vacated, and had proceeded with the administration of the estate. He was then cited to make final settlement, the administration having been removed into the chancery court. This he did, and the only questions here argued relate to three items on which action was taken by the court after a reference was held and exceptions noted to the report. They were not items which the executor had paid, but which he reported as due and unpaid.

The court in a final decree ascertained the amount of each, in the aggregate $175.-68, and decreed that on the payment into court of the same, together with other items not disputed, within sixty days together with the costs, the title in and to the balance of the estate shall then vest in complainant, and in default of such payment the register was ordered to advertise and sell certain real and personal property for the payment of same. It is from this decree that complainant appeals, and contends and argues that the evidence is not sufficient to support them as just claims against the estate. They had been duly presented, in so far as any contention is here made.

One claim was for the premium due by respondent to the United States Fidelity & Guaranty Company for making his bond as executor. He testified that he paid one annual premium of $10.67, the whole being for $42.68. Appellant insists that the evidence is not sufficient to show the correct amount of the claim. Another claim was for a balance of the fee of appellees' attorney alleged to be for services rendered in probating the will and representing the executor in this litigation. The third claim, to which appellant objects, is an account in favor of Dr. Denton for medical services rendered deceased during his lifetime. The contention is that the evidence does not sufficiently prove the rendition of the services and that the charges made were reasonable. Those three aggregate $175.68, and constitute the basis of appellant's claim.

In order to analyze the situation, we must consider the status of the parties and their relation to the particular three claims in question. The contract under which complainant claims, in the form of a will, directs the payment of his debts. That means, of course, debts which he owed at the time of his death. In that class the claim of Dr. Denton is the only one which may be properly so placed. We will treat that first, though, in some respects, what we shall say has application to the other claims.

We have shown that in treating this situation the court very properly proceeded as in the administration of a trust. In doing so, it proceeded to ascertain and allow certain claims against that trust, including that of Dr. Denton. In determining whether that claim was just and owing by the trust estate, the only interested parties were the complainant, as the owner of the property, and Dr. Denton who was the owner of the claim. Since respondent as executor had not paid it, he was not entitled to credit for it, and did not seek such credit, but he asked for its allowance and payment. The register examined respondent and Dr. Denton. He was therefore present and at least took some part in the hearing. He had filed his verified account for the amount claimed. That was in itself treated by all parties and the court as a sufficient intervention to make him a party to this cause. Louisville Mfg. Co. v. Brown, 101 Ala. 273, 13 So. 15. When that claim is acted on by the court, it is a final decree which will support an appeal. Rome & Decatur R. R. Co. v. Sibert, 97 Ala. 393, 12 So.

69; Lehman-Durr & Co. v. Robertson, 84 Ala. 489, 4 So. 728; Coker v. Coker, 208 Ala. 239, 94 So. 308; Carter v. Mitchell, 225 Ala. 287, 142 So. 514 (20); De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

But the decree in this respect is for the benefit of Dr. Denton. It does not appear that Mr. Nash was his attorney. There is no citation to Dr. Denton. The appeal bond is not made to him, but recites that it is from a decree in favor of Hazelwood, as executor, against appellant. We cannot, under those circumstances, review the decree in so far as it declares the existence of this claim, and decrees its payment.

The claims for expenses incurred by the executor to the United States Fidelity & Guaranty Company and his attorney, Mr. Nash, did not exist at the time of the death of decedent, and are not included in the charge to pay the debts which were created by the will under which complainant claims. But complainant has established an equitable right in precedence to decedent's heirs and to the devisees in his will executed later, but subject to the payment of his debts. While that question was being litigated, there was real and personal property to be held in statu quo and preserved, or used to pay debts.

The last will was probated, and in it appellee was named as executor. It was a valid will, only subordinate to the equitable rights of complainant as to the property. Respondent was in his rights to act as executor, and his duty was to collect the assets and pay the debts, paying to appellant, under his contract, the balance. But the expenses of thus administering the estate paid by the executor are a proper and legal charge, including an attorney's fee to the extent of contesting with appellant the question of the respective force of the two wills, provided he acts in good faith. He is certainly in as favorable position in that respect as a special statutory administrator under sections 5748, 5749, Code. We have held that the latter may and should in the exercise of good faith propound a will for probate which names him as executor, and, though he is unsuccessful in his effort to do so, be properly credited with the expense paid in the proceeding, including an attorney's fee, if the court finds it would not be inequitable and unjust so to allow it. Mitchell v. Parker, 227 Ala. 676, 151 So. 842.

In the present suit, the will was duly and properly admitted to probate. The executor named qualified. Complainant sued upon the contention that he had a contract which conferred upon him property rights superior to those named in the will and according to its terms. It prayed for a decree declaring the last will to be a fraud on complainant's rights, and that it be declared void and of no effect. The decree of the court granted that relief, and canceled that will and ordered respondent to make final settlement as such executor. That decree is not here under review. But it was the right and duty of respondent, acting in good faith under a will duly probated and naming him as executor, to fight for the will and prevent its cancellation. He had the same sort of right and duty, though intensified, which he would have had before his will was probated and while he was acting as special administrator. After its probate and his qualification under it, he should not be penalized for doing his duty in good faith. Bad faith is not urged. Henderson v. Simmons, 33 Ala. 291, 70 Am.Dec. 590.

Section 5923, Code, provides that executors may be allowed actual expenses, including premiums paid a guaranty company for making his bond. Attorney's fees are a proper item of such expense.

The executor might have paid the attorney for his services in the effort to sustain his will against attack, and for making his settlement and advice necessary in the course of administration. But it does not appear that the balance now claimed and allowed by the court has been paid. On the contrary, it was grouped with the doctor's bill and cost of the surety bond and made a charge on the land and personalty of decedent, to which complainant has established an equitable right and has had his title perfected by decree.

The court ordered that it be paid in sixty days, in default for which the land and personalty were ordered sold for its satisfaction. It had found that the executor had received $773.40, including a certificate of deposit in the Blount County Bank (now in liquidation) of $600, of little or no value, and a balance on deposit in it of $9.10, and ordered that the certificate and deposit balance be vested in complainant, and that by thus crediting respondent he was entitled to credits of $746.73, leaving in his hands $26.67. The only claims remaining unpaid being the three here in-

volved, and $2 to C. P. Turley and H. V. Turley due under complainant's will. Those items and the costs of this cause were decreed to be paid, and, if not, that the land and the above-named personalty be sold.

We suppose the land was subjected on the assumption that the personalty was of no substantial value, although included in the decree of sale.

■ The lands of a decedent are chargeable under the statute, section 5847, Code, with debts owing by decedent at the time of his death, but not for costs and expenses of administration, when no debts are shown for the payment of which the lands are liable. Beadle v. Steele, 86 Ala. 413, 5 So. 169; Garrett v. Garrett's Adm'r, 64 Ala. 263; Sermon v. Black, 79 Ala. 507; Bolen v. Hoven, 143 Ala. 652, 39 So. 379.

■ But the general rule is that an administrator or executor cannot by his acts or contracts so bind the estate as to confer on another a cause of action against the estate, unless he is insolvent, originally thereby creating an equitable right in such claimant, now made legal by section 10422, Code. But that right then, as now, is dependent upon the insolvency of the executor. Leahart v. Deedmeyer, 158 Ala. 295, 48 So. 371; Blackshear v. Burke, 74 Ala. 239, 243.

When lands are subject to sale for the payment of costs, under the rule we have stated, the executor may pay the cost and have it included in a sale of land to pay debts. But the old rule was that to sustain that right in the probate court the executor must first pay the debt, Bates v. Vary, 40 Ala. 421; Walsh v. Walsh, 231 Ala. 305, 310 (13), 164 So. 822, now affected by section 6261, Code, as to attorneys' fees.

But another principle is said to work in his favor when the facts are sufficient. He is a trustee, and in equity "any proper cost or expense incurred by a trustee is a charge in his favor on the estate in his hands, and he will never be deprived of the estate until his charges are paid." "But an executor * * * does not hold lands in trust; the title goes to the heir or devisee, and the representative has only a power to have them subjected to debts of the estate of the testator, * * * but not for costs of administration." Taylor v. Crook, 136 Ala. 354, 373, 34 So. 905, 909, 96 Am.St.Rep. 26.

■ But the land is subject to the costs when there are other debts for the payment of which it is the duty of the executor to sell the land. While the land is not held in an unlimited trust, it is subject to a power of sale which will under certain conditions include costs. There is another debt of this estate, now unpaid, to wit, the doctor's bill, for which the land is subject, if the personalty is not sufficient.

■ While the executor was administering the trust, he had the power, and it was his duty, to sell the land to pay that debt in the absence of sufficient personalty. If there be sufficient personalty, the executor had the right to retain it to pay proper expenses which he had incurred. If not sufficient for both purposes, his right and duty combined to sell the land. It was then fastened with a limited trust, which should not be taken from him by canceling his authority as executor, without reimbursing him for his proper expenses incurred, though not paid. Since the court found that the land was subject to a debt contracted by decedent (on the assumption that the personalty is without value), it became subject to the proper expense of administration incurred though not paid by the executor, who became to a limited extent trustee of the land also, in order to subject it to the debt.

The chancery court in administering a trust will cause to be paid all proper items which are in good faith due to be paid from the trust property; and as to attorneys' fees, under section 6261, Code, the court may ascertain the amount of a reasonable fee for representing the trust, and cause it to be paid to the attorneys. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60.

■■ The claim by respondent as executor for payment of the premiums to the bonding company is in the same legal status as the attorney's fee. It is a proper item of expense for which the executor is entitled to credit and allowance on the principles of law we have discussed. The same legal contention is made as to it, and also that there is no evidence that the amount of the claim is just and reasonable. But there is no exception on that ground to the register's report. The exception is that there is no proof of any liability in favor of the United States Fidelity & Guaranty Company against the estate. But its allowance is not because there is

a liability by the estate to the guaranty company, but because the executor has incurred it as a feature of the costs of his administration. The ground of the exception seems to raise a legal question, that is, whether the executor may have the item allowed although he has not paid it, and although the guaranty company cannot enforce it as a claim against the estate. We have responded to that contention. Appellant cannot have an exception considered on appeal on a ground not presented by it to the trial court.

We find no reversible error of which appellant complains.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.